Curtis R. Hussey (USB # 5488)
10 N. Section #122
Fairhope, AL 36532
Telephone: (251) 928-1423
gulfcoastadr@gmail.com

Of Counsel To
LEMBERG & ASSOCIATES L.L.C.
A Connecticut Law Firm
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (888) 953-6237

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| Rhonda Lewis,<br><br>    Plaintiff,<br>v.<br><br>Lexington Law Firm; and DOES 1-10, inclusive,<br><br>    Defendants. | Civil Action No.: 1:15-cv-00005-EJF<br><br>**COMPLAINT** |

For this Complaint, the Plaintiff, Rhonda Lewis, by undersigned counsel, states as follows:

### **JURISDICTION**

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

3. The Plaintiff, Rhonda Lewis ("Plaintiff"), is an adult individual residing in Tampa, Florida, and is a "person" as defined by 47 U.S.C.A. § 153(39).

4. The Defendant, Lexington Law Firm ("Lexington"), is a Utah business entity with an address of 360 North Cutler Drive, Salt Lake City, Utah 84054, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5. Does 1-10 (the "Agents") are individual employees and/or agents employed by Lexington and whose identities are currently unknown to the Plaintiff. One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

6. Lexington at all times acted by and through one or more of the Agents.

## FACTS

7. Beginning in March 2014, Lexington placed calls Plaintiff's cellular telephone in an attempt to solicit to Plaintiff its services.

8. At all times referenced herein, Lexington placed calls to Plaintiff's cellular telephone by using an automated telephone dialer system ("ATDS") and/or by using an artificial or prerecorded voice.

9. Plaintiff has no business relations with Lexington and never requested by an agreement or otherwise that she be contacted.

10. Plaintiff never provided her cellular telephone number to Lexington and never provided her consent to Lexington to be contacted on her cellular telephone.

11. During a live conversation, Plaintiff advised Lexington that she was not interested in services Lexington was offering and directed Lexington to remove her number from its system and cease all calls to her.

2

12. However, despite having been informed of the foregoing and instructed by Plaintiff not to call, Lexington thereafter continued to place calls to Plaintiff's cellular telephone.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *et seq.*

13. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

14. At all times mentioned herein and within the last four years, Defendants called Plaintiff on her cellular telephone using an automatic telephone dialing system ("ATDS" or "Predictive Dialer") and/or by using a prerecorded or artificial voice.

15. The Federal Communications Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*.

16. The TCPA places prohibitions on companies that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

17. Often times when Plaintiff answered the phone, she was met with several seconds of dead air before Defendants' telephone system would connect her to the next available representative.

18. Often times when Plaintiff answered the phone, she would hear a period of silence and was required to say "hello" several times before Defendants' phone system would connect Plaintiff to the next available representative.

19. Defendants' Predictive Dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

20. Plaintiff never provided her cellular telephone to Defendants and never provided her consent to be contacted on her cellular telephone, and in fact instructed Defendants to stop all calls to her.

21. The telephone number called by Defendants was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

24. As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

25. As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: January 7, 2015

Respectfully submitted,

By /s/ Curtis R. Hussey